# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7733 | **DATE** | 11/5/2001 |
| **CASE TITLE** | FremantleMedia vs. Colmar | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to 2/5/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Plaintiffs' motion (Doc 4-1) to enjoin arbitration proceedings is granted. We preliminarily enjoin Colmar from including Fremantle and RTL in the pending arbitration matter. As discussed in open court, defendant's motion for declaratory judgment or discovery is treated as defendant's amended answer and counterclaim. Plaintiffs are given to November 26, 2001 to respond to said counterclaim. All discovery to be completed by February 5, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 0 6 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | 13 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| SCT | courtroom deputy's initials | 01 NOV -5 PM 4: 24 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
NOV 0 6 2001

FREEMANTLEMEDIA-LTD. (formerly )
named PEARSON TELEVISION, LTD.), )
and RTL GROUP, )
)
)
        Plaintiffs, )
)
vs. )   01 C 7733
)
COLMAR, LTD., )
)
        Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiffs FremantleMedia and RTL Group to enjoin arbitration proceedings. For the reasons set forth below, we grant Plaintiffs a preliminary injunction.

## BACKGROUND

Plaintiff RTL Group ("RTL") is the parent of several other corporations, including Plaintiff FremantleMedia-Ltd. ("Fremantle") and another named Pearson Television, Ltd. In 1994, prior to its transfer to RTL and resulting association with Fremantle, Pearson entered into a licensing agreement with Defendant Colmar, Ltd. ("Colmar") to distribute a film that Colmar had produced. The agreement provided that

13

Pearson would "actively and aggressively" market the film and that any disputes arising from it would be resolved by arbitration in New York or Chicago.

Colmar, unsatisfied with Pearson's marketing efforts, initiated an arbitration action against Pearson in March 2000. The following February, the arbitrator denied all of Colmar's claims. Despite the final resolution of that action, Colmar has instituted another arbitration action, this time against Pearson, Fremantle, and RTL. Colmar claims that the three entities are actually one, thus making Fremantle and RTL subject to the contractual obligations of Colmar through the expiration of the contract in 2003.

Fremantle and RTL have asked this court for a declaratory judgment that they are not subject to the contractual obligations of the license agreement. We have already granted two temporary restraining orders in this case. Fremantle and RTL now wish us to enjoin Colmar from including them in the pending arbitration.

## DISCUSSION

Although we have serious doubts that Colmar will be able to maintain what seems to be an identical second arbitration proceeding, we cannot tell from the documents the parties have submitted whether the second proceeding would in fact be identical. For the purposes of this motion only we assume that Colmar advances a viable claim, different from those already denied by the arbitrator.

Fremantle and RTL have sought both preliminary and permanent injunctive relief. Because we have yet to decide whether declaratory judgment is appropriate in this case, to issue a permanent injunction would be premature. Thus, we address only the request for a preliminary injunction.

To obtain a preliminary injunction, a party must pass a four-factor test. Ty, Inc. v. Jones Group, Inc., 237 F.3d 891, 895 (7th Cir. 2001). First, the case must be likely to succeed on the merits. Id. Second, the party must not have an adequate remedy at law. Id. Third, the party must show that the balance of the harms is in its favor, that is, that it would suffer more harm from the denial of the injunction than the nonmoving party would suffer if the injunction is granted. Id. Finally, the court must consider the public interest in the granting or denial of the injunction. Id.

It is elementary that arbitration is a purely voluntary undertaking, a creature of contract and consent. Geneva Securities, Inc. v. Johnson, 138 F.3d 688, 691 (7th Cir. 1998). Parties who do not agree to resolve their disputes via arbitration cannot be forced to do so. Id. Absent Fremantle and RTL's consent to arbitration, either expressly or through assumption of the arbitration provisions of earlier agreements, Colmar may not compel them to participate. None of the parties contend that Fremantle or RTL were signatories to the original licensing agreement. Therefore,

consent can be shown only if Fremantle and RTL assumed Pearson's obligations after the companies became linked.

Fremantle and RTL contend that they and Pearson are separate corporate entities and thus that they are not subject to the contractual provisions of the licensing agreement. They advance the declaration of Ian Ousey, the finance director for Fremantle, which states that the companies are independent. The declaration also asserts that at no time have RTL or Fremantle assumed any of Pearson's contractual obligations.

Colmar counters that the three companies are not separate but rather that Pearson and Fremantle are divisions of RTL and thus all are subject to the contractual obligations of Pearson. In support, Colmar offers a press release from Fremantle's London office that states Fremantle and RTL underwent a "merger" and that Pearson is a "division" of the merged companies. Colmar's offering is problematic in that it is a nonlegal document prepared by a British author, with its main focus probably a British audience. We cannot assume that the terms within it were used in a legally accurate sense, let alone with the substantial meaning they carry as terms of art in American corporate law. With only this document to buttress the contention that all three entities are one, Colmar has not persuaded us that Fremantle and RTL are unlikely to succeed in obtaining declaratory judgment.

Moving to the second factor, we have little if anything to indicate that Fremantle or RTL ever consented to be a party to Colmar's agreement, let alone its arbitration provision. To hold them bound to the terms of a contract to which they did not consent would cause irreparable harm that could not be adequately addressed by a later award of money damages. We therefore conclude that Fremantle and RTL have made a sufficient showing on the second factor.

The latter two factors warrant a similar conclusion. With regard to the balance of harms, we reiterate that today's opinion addresses only preliminary injunctive relief that will allow Fremantle and RTL to preserve the status quo until they can make a full showing on their claim for declaratory judgment. See Indiana Civil Liberties Union v. O'Bannon, 259 F.3d 766, 770 (7th Cir. 2001). If forced to submit to an arbitration to which they did not agree before we can determine whether the claims against them are arbitrable, Fremantle and RTL suffer irreparable harm. Conversely, Colmar suffers little harm in waiting until this court can render a final decision as to the arbitrability of this dispute. As such, the balance of harms tips toward a grant of injunctive relief for Fremantle and RTL.

Finally, we consider the last factor. Fremantle and RTL have the public interest firmly in their favor. In short, the public has no interest in enforcing agreements that do not exist. Also, the amount of time, money, and effort that would be invested

unnecessarily in an arbitration to which parties did not consent cements our decision that a preliminary injunction should be granted.

## CONCLUSION

For the reasons stated above, we preliminarily enjoin Colmar from including Fremantle and RTL in the pending arbitration matter.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: November 5, 2001