

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7733 | **DATE** | 3/21/2002 |
| **CASE TITLE** | FremantleMedia et al vs. Colmar, Ltd | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** We grant Fremantle and RTL's motion (Doc 19-1) to dismiss Colmar's counterclaim. In addition, we award Fremantle and RTL a declaratory judgment that they are not parties to Colmar's agreement with Fremantle NA and permanently enjoin Colmar from including Fremantle and RTL in any arbitration proceedings stemming therefrom.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 2 2 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 23 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FREMANTLEMEDIA LTD. (formerly )
named PEARSON TELEVISION, LTD.) )
and RTL GROUP, )
)
Plaintiffs, )
)
vs. ) 01 C 7733
)
COLMAR, LTD., )
)
Defendant. )

DOCKETED
MAR 2 2 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion to dismiss Colmar's counterclaim for declaratory judgment. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiff RTL Group ("RTL") is the parent of several other corporations, including Plaintiff FremantleMedia Ltd. ("Fremantle") and another named Fremantle Media North America ("Fremantle NA"), formerly known as Pearson Television, Ltd. In 1994, Fremantle NA signed a licensing agreement ("the Colmar agreement") with Defendant Colmar, Ltd. ("Colmar") to distribute a film. The agreement included a



provision that any dispute arising from it would be subject to arbitration. A dispute arose over Fremantle NA's performance under the agreement, and Colmar initiated an unsuccessful arbitration against Fremantle NA only.

Unsatisfied with the result of the first arbitration, Colmar tried again, this time adding Fremantle and RTL as respondents. In response, Fremantle and RTL filed for a declaratory judgment that they are not parties to and therefore are not bound by the Colmar agreement. In November 2001, we preliminarily enjoined Colmar from including Fremantle and RTL in their arbitration proceeding. Colmar amended its arbitration complaint in December, omitting RTL and Fremantle. However, it reserves the right to add them as parties at a later date if Colmar so desires.

Just before our decision regarding the preliminary injunction, Colmar filed a "motion for declaratory judgment," which, based on its content, we treated as an amended answer and counterclaim for a declaration that Fremantle and RTL are subject to the provisions of the Colmar agreement and thus that they can be included in the pending arbitration. Fremantle and RTL now seek to dismiss the counterclaim pursuant to Fed. R. Civ. Proc. 12(b)(6).

## DISCUSSION

The motion scheduled for decision today seeks to dismiss Colmar's counterclaim for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). The counterclaim

seeks a declaration that Fremantle and RTL are "liable for the action(s) of their respective subsidiary Fremantle North America." Initially, we note that determinations of liability for breach of Fremantle NA's obligations under the Colmar agreement must be taken up at arbitration if anywhere; the only issue for us to decide from Colmar's perspective is whether Fremantle and RTL must submit to the arbitrator's scrutiny.

Participation in arbitration cannot be compelled in the absence of agreement to do so. Geneva Securities, Inc., v. Johnson, 138 F.3d 688, 691 (7th Cir. 1998). Fremantle and RTL contend that they were never parties to the agreement and that they cannot be held to the arbitration provision. Colmar agrees that they were not signatories but argues that they are alter egos of Fremantle NA. Colmar insists that by virtue of this relationship, they are bound to the obligations of the agreement. The thrust of Fremantle and RTL's motion is that Colmar has not alleged that RTL and Fremantle are one and the same with Fremantle NA. We disagree that Colmar has not made allegations that would pass muster under Rule 12(b)(6). However, Colmar has pleaded facts that establish the nonviability of his counterclaim. See, e.g., Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998). One of Colmar's main contentions in support of its position is that RTL and Fremantle can force Fremantle NA to perform the way Colmar believes it should in marketing the film. This is a description of the subordinate status of a subsidiary to a parent, not the equivalence of alter egos. In

addition, the exhibits attached to Colmar's response detail the corporate separateness of Fremantle and RTL from Fremantle NA. Despite Colmar's repeated assertions to the contrary, our complete review of these submissions as well as Colmar's own characterizations convince us that there are no grounds to justify the extraordinary step of piercing the corporate veil in this case. Aubert v. American General Finance, Inc., 137 F.3d 976, 979-80 (7th Cir. 1998); Reboy v. Cozzy Iron & Metal, Inc., 9 F.3d 1303, 1308 (7th Cir. 1993).

The second set of submissions in this case begins with a document, filed by Colmar without a pending motion or briefing schedule, titled "Opposition to Permanent Injunction." Fremantle filed a response to this paper, to which Colmar filed a reply. The content of these submissions is most akin to responses to a motion for summary judgment of Fremantle and RTL's claim for declaratory judgment. No such formal motion has been filed, but the parties' papers, particularly Colmar's, fully develop their respective positions on the relevant issues. We will therefore overlook the unconventional nature of the submissions and address Fremantle and RTL's entitlement to a declaration that they are not bound by the Colmar agreement and therefore need not submit to any arbitration.

Colmar has not named Fremantle or RTL as respondents in its current arbitration; Colmar states that it has no plan to do so. Def.'s Resp. at 2. Arguably, this

moots the case. However, the arbitration complaint specifically reserves the right to add them at any time. Voluntary cessation of disputed conduct does not moot a controversy if there is a reasonable expectation that the conduct will resume. See Milwaukee Police Ass'n v. Jones, 192 F.3d 742, 747 (7th Cir. 1999); Sefick v. Gardner, 164 F.3d 370, 372 (7th Cir. 1998). For our purposes, then, the case remains alive.

As detailed above, Colmar's submissions have demonstrated that Fremantle and RTL are indeed separate entities from Fremantle NA. As such, they cannot be held to the obligations embodied in the Colmar agreement, to which they are not parties. Declaratory judgment on that issue is therefore appropriate. Their success on the merits of their claim, coupled with the satisfactory showing on the other three requirements for injunctive relief discussed in our prior opinion, also makes the award of a permanent injunction proper. We accordingly enjoin Colmar from adding Fremantle and RTL to the pending arbitration or any other arising out of the Colmar agreement.

## CONCLUSION

For the foregoing reasons, we grant Fremantle and RTL's motion to dismiss Colmar's counterclaim. In addition, we award Fremantle and RTL a declaratory judgment that they are not parties to Colmar's agreement with Fremantle NA and

permanently enjoin Colmar from including Fremantle and RTL in any arbitration proceedings stemming therefrom.

                                                      /s/ Charles P. Kocoras
                                                      Charles P. Kocoras
                                                      United States District Judge

Dated:      March 21, 2002